UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
PAINTING INDUSTRY INSURANCE FUND and ) Index No.: 21-CIV- 1227
TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
PAINTING INDUSTRY ANNUITY FUND and )
TRUSTEES OF THE DISTRICT COUNCIL NO. 9 )
FINISHING TRADES INSTITUTE and TRUSTEES )
OF THE INTERNATIONAL UNION OF PAINTERS )
AND ALLIED TRADES NATIONAL PENSION )
FUND and THE DISTRICT COUNCIL NO. 9 )
INTERNATIONAL UNION OF PAINTERS AND )
ALLIED TRADES, ) COMPLAINT
)
                    Plaintiffs, )
)
  -against- )
)
MINELLI CONSTRUCTION CO., INC. a/k/a )
MINELLI CONSTRUCTION COMPANY, INC. and )
FIDELITY AND DEPOSIT COMPANY OF )
MARYLAND and ZURICH AMERICAN INSURANCE )
COMPANY, )
)

---

Plaintiffs, Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund and Trustees of the District Council No. 9 Finishing Trades Institute and Trustees of the International Union of Painters and Allied Trades National Pension Fund (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") and District Council No. 9 International Union of Painters and Allied Trades, (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section

502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities and the Union for monetary damages and other equitable relief under ERISA and the Taft Hartley Act and for breach of a labor contract to secure performance by an Employer and a Surety of specific statutory and contractual obligations to submit the required monetary contributions and reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Trade Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf an Employer is required to contribute to the Funds pursuant to a Trade Agreement (hereinafter referred to as the "Agreement"). The Funds are authorized to collect contributions on behalf of the employees from the employers, and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Agreement and the Policy for Collection of Delinquent Contributions established by the Trustees of the Funds (hereinafter referred to as the "Policy") that concerns the protection of employee benefit rights.

7. The Funds are also the collecting agent for the Labor-Management Cooperation Initiative and National Finishing Trades Institute, Political Action Together – Political Committee, and the Industry Promotion Funds.

8. The Funds have an office for the transaction of business at 595 West Hartsdale Avenue, White Plains, New York 10607, in the County of Westchester.

9. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

10. The Union brings this action for dues check-offs and other contributions owed pursuant to the Trade Agreement.

11. The Union maintains an office for the transactions of business at 595 West Hartsdale Avenue, White Plains, New York 10607, in the County of Westchester.

12. Upon information and belief, the Defendant, Minelli Construction Co., Inc. a/k/a Minelli Construction Company, Inc. (hereinafter referred to as "Corporate Defendant" or "Employer") at all

relevant times, was and/or is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and/or still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

13. Upon information and belief, the Corporate Defendant was and/or is a for-profit domestic corporation with its principal place of business at 850 Sylvan Avenue, Bayport, New York 11705, in the County of Suffolk, with a Post Office Box located at P.O. Box 660, Patchogue, New York 11772 in the County of Suffolk and with a New York State Department of State process service address at 100 South Snedecor Avenue, Bayport, New York 11705, in the County of Suffolk.

14. Upon information and belief, Defendant, Fidelity and Deposit Company of Maryland and Zurich American Insurance Company, (hereinafter referred to as the "Surety") are insurance companies duly authorized and licensed to issue insurance policies under the laws of the State of New York and have a place of business at 1299 Zurich Way, Schaumburg, Illinois 60196, in the County of Cook and an address for business at 300 Interpace Parkway, Morris Corporate Center 1 Building C, Parsippany, New Jersey 07054.

15. Corporate Defendant is in an industry affecting commerce all as defined in ERISA Section 3(5), (11) and (12) 29 U.S.C. Section 1002(5), (11) and (12). Corporate Defendant is also an employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant to collective bargaining agreements, all as defined in ERISA Section 3(3) and (37), and are obligated to make contributions to the Plans in accordance with ERISA Section 515 29 U.S.C. Section 1145.

16. Corporate Defendant is a party in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and the Corporate Defendant acts directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

17. To the extent that Corporate Defendant exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, it is a fiduciary within the meaning of ERISA Section 3(21)(A) 29 U.S.C. Section 1002(21)(A).

**CAUSES FOR RELIEF**
**AS AND FOR A FIRST CLAIM FOR RELIEF**
**FOR BREACH OF CONTRACT AGAINST**
**MINELLI CONSTRUCTION CO., INC. a/k/a**
**MINELLI CONSTRUCTION COMPANY, INC.**

18. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "17" of this Complaint as if fully set forth at length herein.

19. The Corporate Defendant executed a Letter of Assent connected to a Project Labor Agreement for the LaGuardia Community College – Center 3 Façade Replacement (hereinafter referred to as the "Project"), which incorporated the Agreement of the Union.

20. The Agreement and/or Policy requires the Corporate Defendant to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement.

21. Upon information and belief, as a result of work performed by the individual employees of the Corporate Defendant on the Project there became due and owing to the Funds from the Corporate Defendant fringe benefit contributions in accordance with the Agreement.

22. The Corporate Defendant has failed and refused to remit to the Funds those reports and fringe benefit contributions due and owing under the Agreement and in accordance with the Policy for the period week ending November 3, 2020 through to and including January 26, 2021 in the minimum principal amount of $22,903.48.

23. These amounts described in Paragraph 22 above are due and owing to the Funds and are based upon employer remittance reports.

24. The failure, refusal or neglect to remit the proper contributions and reports to the Plaintiffs constitutes a violation of the Agreement between the Corporate Defendant and the Union wherein the Funds are third party beneficiaries.

25. Pursuant to the Agreement and the Policy upon the Corporate Defendant's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of two percent (2%) above prime per annum and liquidated damages at the rate of twenty percent (20%) of the delinquent contributions. In addition, if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees, court costs and disbursements.

26. Accordingly, pursuant to the Agreement the Corporate Defendant is liable to Plaintiffs in the minimum principal amount of $22,903.48 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, court costs and disbursements.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### FOR ERISA OBLIGATIONS
### AGAINST MINELLI CONSTRUCTION CO., INC. a/k/a
### MINELLI CONSTRUCTION COMPANY, INC.

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "26" of this Complaint as if fully set forth at length herein.

28. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement.

29. The Corporate Defendant has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed to Plaintiffs as a result of work performed by individual employees of the Corporate Defendant on the Project. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

30. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff's fund the unpaid fringe benefit contributions, plus liquidated damages and interest on the unpaid principal amount, together with attorneys' fees, court costs and disbursements incurred in the action.

31. The failure to pay has injured the employees who were taxed on certain benefits they did not receive, and has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union, and has also injured other participants, beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

32. Accordingly, the Corporate Defendant is liable to Plaintiffs under the Agreement concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

33. Accordingly, the Corporate Defendant is liable to the Funds in the minimum principal amount of $22,903.48 in contributions, plus liquidated damages, interest, attorneys' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST MINELLI CONSTRUCTION CO., INC. a/k/a MINELLI CONSTRUCTION COMPANY, INC.

34. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "33" of this Complaint as if fully set forth at length herein.

35. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that

exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. Section 1106(b)(1) - (3).

36. At all times relevant herein, Corporate Defendant was a party in interest with respect to the Plaintiffs' Funds because it was a fiduciary, employer, or owner within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

37. By withholding the contributions from the Plaintiffs' Funds, Corporate Defendant dealt with plan assets in its own interest and/or exchanged property or extended credit from plan assets for its own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

38. By retaining assets of the Plaintiffs' Funds for their own use, Corporate Defendant as a fiduciary has breached the fiduciary obligations owed to the Plaintiffs' Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 *et seq.*

39. The Corporate Defendant is liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

40. As a result of the breaches of fiduciary duty described above, Corporate Defendant is liable to the Plaintiffs' Funds for the amounts set forth herein, which include contributions, interest, liquidated damages, and the costs and fees of collection.

### AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST FIDELITY AND DEPOSIT COMPANY OF MARYLAND and ZURICH AMERICAN INSURANCE COMPANY

41. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "40" of this Complaint as if fully set forth at length herein.

42. To secure the faithful performance and payment on the Project, the Corporate Defendant executed and delivered to the Owner a Payment Bond bearing Bond Number PRF7642045. The Bond was issued, in relevant part to this action, to guarantee payment to the Funds for all benefit contributions due and owing on the Project.

43. Formal request was made to the Surety requesting the proceeds of the Bond due to the failure of the Corporate Defendant to remit the proper benefit fund contributions to the Funds during the relevant period.

44. The Surety by its failure to pay on the Bond has injured the employees who were taxed on certain benefits they did not receive and has injured the Funds and Union by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and Union, and has also injured other participants, beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

45. Accordingly, the Surety is liable to the Funds for the proceeds of the bond in the minimum amount of $22,903.48, plus attorneys' fees, court costs and disbursements.

### AND AS A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

46. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "45" of this Complaint as if set forth at length herein.

47. Pursuant to ERISA, the Agreement and the Policy the Corporate Defendant is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

48. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Corporate Defendant and/or the Surety fail to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants as follows:

On the First, Second and Third Claims for Relief against Minelli Construction Co., Inc. a/k/a Minelli Construction Company, Inc.:

> (a) In the minimum principal amount of $22,903.48, representing benefit fund contributions for the period week ending November 3, 2020 through to and including January 26, 2021, plus interest, liquidated damages, attorneys' fees, court costs and disbursements all in accordance with the Trade Agreement and the Policy for Collection of Delinquent Contributions.

On the Fourth Claim for Relief against Fidelity and Deposit Company of Maryland and Zurich American Insurance Company:

> (b) For the proceeds of the Bond in the minimum sum of $22,903.48 plus interest.
>
> (c) Attorneys' fees, court costs and disbursements incurred in the processing of this lawsuit.

On the Fifth Claim for Relief against Minelli Construction Co., Inc. a/k/a Minelli Construction Company, Inc. and Fidelity and Deposit Company of Maryland and Zurich American Insurance Company:

> (d) Damages in the amount of any additional contributions and/or delinquency charges, which may become due and owing during the course of the instant action, which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

> (e) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
February 11, 2021

Respectfully submitted,
BARNES, IACCARINO & SHEPHERD LLP

*Dana L. Henke*
Dana L. Henke, Esq.
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515
dhenke@bislawfirm.com